DOCUMENT FOR PUBLIC RELEASE
The decision issued on the date below is subject to an ASBCA Protective Order.
This version has been approved for public release.

ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of - | ) |
| | ) |
| Wild Hare Haulers, LLC | ) ASBCA Nos. 64442, 64443 |
| | ) |
| Under Contract No. W91249-25-D-A001 | ) |

APPEARANCES FOR THE APPELLANT:    Aron C. Beezley, Esq.
Jenna R. Mazzella, Esq.
  Bradley Arant Boult Cummings LLP
  Washington, DC

Owen E. Salyers, Esq.
  Bradley Arant Boult Cummings LLP
  Charlotte, NC

APPEARANCES FOR THE GOVERNMENT: Dana J. Chase, Esq.
  Army Chief Trial Attorney
CPT Sara E. Bennett, JA
MAJ Katharine M. Calderon, JA
  Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL

Appellant, Wild Hare Haulers (WHH), elected to proceed under the Board's Small Claims (Expedited) procedures, Board Rule 12.2. The Contract Disputes Act, 41 U.S.C. §§ 7106(b)(4)-(5), as implemented by Board Rule 12.2, provides that this decision shall have no precedential value, and in the absence of fraud shall be final and conclusive and may not be appealed or set aside. We held a one-day hearing.

DOCUMENT FOR PUBLIC RELEASE
The decision issued on the date below is subject to an ASBCA Protective Order.
This version has been approved for public release.

## FINDINGS OF FACT

On December 16, 2024, the government solicited proposals for the provision of 60 months of laundry services and dry cleaning services at what is now Fort Gordon, Georgia.[1]  The solicitation included a Performance Work Statement (PWS) that explains that "[t]his contract is a Firm Fixed Price per piece/item with an Indefinite Delivery and Indefinite Qua[nt]ity (IDIQ)."[2]  On January 17, 2025,[3] WHH proposed to perform (1) 60 months of laundry service for a "MAX AMOUNT" of $1,478,427.50, and (2) 60 months of dry cleaning for a "MAX AMOUNT" of $30,758.[4]  WHH included in its proposal what it calls a "pricing worksheet"; the worksheet provides dollar amounts for listed laundry and dry cleaning items.[5]  WHH  represented that it took "no exception to the requirements of the PWS."[6]

On February 24, Contracting Officer O'cie Hendricks approved a "Release of Award" to WHH.[7]  On February 26, the government sent to WHH an unsigned document proposing (1) 60 months of laundry service at a monthly price "Not to Exceed" $24,640.45833, for a total "Firm Price" of $1,478,427.50, and (2) 60 months of dry cleaning at a monthly price "Not to Exceed" $512.63333, for a total "Firm Price" of $30,758.00, with (3) a minimum of 10,000 "piece."[8]  The February 26 document includes the PWS and WHH's pricing worksheet.[9]  WHH signed that document and returned it to the government.[10]

The government then sent WHH a document that Contracting Officer Hendricks signed on February 27, 2025; that document proposed (1) 59 months of laundry service at a monthly "Estimated" price of $25,058.10, for a total "Firm Price" of $1,478,427.90, and (2) 59 months of dry cleaning services at a monthly "Estimated" price of "$521.33, for a total "Firm Price" of $30,758.47, with (3) a minimum of $10,000.[11]  WHH did not sign that document.[12]

---

[1] R4, tab 47.

[2] R4, tab 3 at 2 (alteration added; "Quality" appears in original); app. br. at 3-4; gov't br. at 6.

[3] All other dates also refer to 2025.

[4] App. br. at 4; R4, tab 70 at 9.

[5] App. br. at 4; R4, tab 4.

[6] App. br. at 4; R4, tab 71 at 1.

[7] App. br. at 5; app. supp. R4, tab 23.

[8] App. br. at 5-6; tr. 1/72-73; R4, tabs 1; 2 at 3; 127; ex. 1 (*see* app. br. at 6 & n.3).

[9] Ex.1 at 23, 47; R4, tabs 3-4; app. supp. R4, tabs 17, 28-29.

[10] App. br. at 6; R4, tab 1 at 1.

[11] R4, tabs 23-44; 129; app. br. at 7.

[12] R4, tab 23.

2

DOCUMENT FOR PUBLIC RELEASE
The decision issued on the date below is subject to an ASBCA Protective Order.
This version has been approved for public release.

On March 14, Contracting Officer Hendricks issued a task order for 11 months of laundry and dry cleaning services, at a combined price of $27,439.74 per month ($26,880.50 per month for laundry service and $559.24 per month for dry cleaning service); the task order provided funding for two months, and stated "Instructions: In accordance with Performance Work Statement (PWS)."[13]

On April 1, WHH began performing laundry and dry cleaning services at Fort Gordon.[14] Then ensued a disagreement between the parties regarding whether the contract provided for per-piece pricing (as the government contended), or per-month pricing (as WHH contended).[15] On May 21, WHH (1) informed the government that "[s]ervices have ended";[16] (2) stopped providing services; and (3) turned in the keys to the government facility that it was using.[17] On May 23, Contracting Officer Jackie Peacock emailed WHH that "[t]he government may consider a termination for convenience."[18] Then on July 23, Contracting Officer Peacock emailed WHH that "[t]he government intends to terminate for default."[19] On August 7, the government switched gears again: Contracting Officer Peacock and Contracting Officer Jason King separately informed WHH that the contract would be terminated for the convenience of the government.[20] Ultimately, on December 18, Contracting Officer Peacock issued a modification terminating the contract for cause.[21]

On September 7, 2025, WHH presented to Contracting Officer Peacock a claim for $54,879.48.[22] WHH appeals from the deemed denial of that claim, and from the government's termination of the contract for cause.

DECISION

In ASBCA No. 64443, WHH requests $54,879.48, plus interest, for laundry and dry cleaning services provided at Fort Gordon in April and May, 2025.[23] When WHH signed the February 26, 2025 document that the government sent to WHH after the contracting officer approved WHH for a contract award, the parties entered into that

---

[13] *See* R4, tab 45 at 1, 3, 5.

[14] App. br. at 10; gov't br. at 2.

[15] *See* app. br. at 12; gov't br. at 15 ¶ 37.

[16] R4, tab 222 at 1.

[17] Gov't br. at 3; app. br. at 12; R4, tab 237.

[18] App. supp. R4, tab 58 at 1.

[19] R4, tab 166 at 6-7.

[20] Gov't br. at 18-19; R4, tab 167 at 6-7; tr. 1/107-08.

[21] R4, tab 46 at 1.

[22] Notice of Appeal, attach. 1; R4, tab 167 at 1.

[23] App. br. at 32.

DOCUMENT FOR PUBLIC RELEASE
The decision issued on the date below is subject to an ASBCA Protective Order.
This version has been approved for public release.

written contract, even though the contracting officer had not signed: formal execution of a contract document is not essential to the formation of a federal procurement contract. *Data Gen. Corp.*, ASBCA No. 21865, 79-2 BCA ¶ 14,185 at 69,831. Thus, WHH agreed to provide services for 60 months, and to be paid according to the pieces that it laundered or dry-cleaned, at dollar amounts calculated according to its pricing worksheet, not to exceed $26,640.45833 per month for laundry, and not to exceed $512.63333 per month for dry cleaning. The government says that it owes WHH $3,767.71 pursuant to those per-piece rates,[24] and WHH agrees that "should the Board find this was a per item/per piece contract, then [$3,767.71] would be the correct calculation plus any interest owed under the Contract Disputes Act."[25] ASBCA No. 64443 is sustained in the amount of $3,767.71.

In ASBCA No. 64442, WHH challenges the government's December 2025 termination of the contract for cause, saying that the government had already, in August 2025, terminated the contract for convenience by informing WHH that the contract would be terminated for convenience.[26] By that logic, the government terminated the contract for default in July 2025, when the contracting officer notified WHH that "[t]he government intends to terminate for default."[27] And WHH did default, by walking off the job less than two months into a five-year contract. WHH says that it did so because, in its opinion, the two months' available contract funding was running out.[28] That is no excuse: WHH didn't just suspend performance until the government provided more funding; it up and quit, for good, on May 21, 2025. WHH did not rely to its detriment upon the government's back-and-forth regarding whether the termination would be for convenience or default, even taking into account that WHH resubmitted invoices that it had already submitted prior to walking off the job.[29] The termination for cause stands, *see Aero Products Co.*, ASBCA No. 44030, 93-2 BCA ¶ 25,868 at 128,701, and ASBCA No. 64442 is denied.

---

[24] Gov't pre-hrg. br. at 28.

[25] App. br. at 32 n.17 (bracketed material added); *see* gov't pre-hrg. br. at 28.

[26] *See* app. br. at 35-36.

[27] R4, tab 166 at 6-7.

[28] *See* app. br. at 34.

[29] App. reply br. at 19.

DOCUMENT FOR PUBLIC RELEASE
The decision issued on the date below is subject to an ASBCA Protective Order.
This version has been approved for public release.

CONCLUSION

ASBCA No. 64442 is denied. ASBCA No. 64443 is sustained in the amount of $3,767.71, plus interest in accordance with 41 U.S.C. § 7109, from September 7, 2025, the date that the contracting officer received appellant's claim, until the date of payment.

Dated: June 23, 2026

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 64442, 64443, Appeals of Wild Hare Haulers, LLC, rendered in conformance with the Board's Charter.

Dated: June 24, 2026

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals